UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEHEMIAH W. FOWLKES,<br><br>Defendant. | No.   CR-08-0096-RHW<br><br>**ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE UNDER SECTION 3582(c)(2)** |

Defendant moves the Court to reduce his sentence based on an amendment to the Sentencing Guidelines. The matter was stayed until November 1, 2011, when Amendment 750 to the United States Sentencing Guidelines became retroactive. The matter is now ripe for review, and the Court grants Defendant's motion.

### Original Sentence

On September 12, 2008, Defendant plead guilty to two counts of distributing five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). Because the offense involved 82 net grams of cocaine base, as stipulated in the plea agreement, it resulted in a base offense level of 30. After a three-point reduction for acceptance of responsibility and combined with Defendant's criminal history score of IV, the applicable Guideline range was between 110 and 125 months.

**ORDER REDUCING DEFENDANT'S SENTENCE** * 1

The Court imposed a low-end sentence of 100 months and four years supervised release. (ECF No. 46).

## Fair Sentencing Act

In 2010, Congress passed the Fair Sentencing Act, a portion of which reduced the disparity between criminal penalties for crack cocaine and powder cocaine offenses. The Act increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences and, relevant here, decreased the offense levels for various quantities of crack cocaine. U.S.S.G. § 2D1.1(c) (2011). These Guideline amendments became retroactive November 1, 2011, when Congress failed to act with disapproval. U.S.S.G. § 1B1.10 (discussing retroactive application of Amendment 750); *see also* 28 U.S.C. § 994(p). As a result, the Court has discretion to calculate a new Guideline range for Defendant, taking account of these amendments, and re-sentence him within the modified range. 18 U.S.C. § 3582(c)(2).

## Modified Sentence

The base offense level under the modified Guidelines is 26, U.S.S.G. §2D1.1(c)(7) (at least 28 grams but less than 112 grams of cocaine base), which is reduced by three points because Defendant accepted responsibility. Fused with Defendant's level IV criminal history, this modified offense level results in a range of 70 to 87 months. The Court has considered the factors set forth in Section 3553(a), and, for the reasons articulated at the original sentencing hearing, it determines that a low-end Guideline range is still appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Retroactive Application of Sentencing Guidelines (ECF No. 48) is **GRANTED**.

2. Defendant's original sentence of 100 months imprisonment is **VACATED.** He is committed to the custody of the Bureau of Prisons for a term of **70 months**. All other portions of the sentence, including the four-year term of supervised release, remain unchanged.

**ORDER REDUCING DEFENDANT'S SENTENCE** * 2

1 | **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2 | order and to provide copies to counsel, the U.S. Probation Department, and the U.S.
3 | Bureau of Prisons.
4 | **DATED** this 19th day of December, 2011.

              *s/Robert H. Whaley*
              ROBERT H. WHALEY
              United States District Judge

Q:\aCRIMINAL\2008\Fowlkes\reduction.ord.wpd

**ORDER REDUCING DEFENDANT'S SENTENCE** * 3